**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PROVIDENCE MUTUAL FIRE INSURANCE COMPANY,**<br><br>Plaintiffs,<br><br>v.<br><br>**GASTON FERNANDEZ, KARINA ACOSTA, AND DANIELA SANCHEZ,**<br><br>Defendant. | Civ. No.: 2:20-04331<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

In this action, Plaintiff Providence Mutual Fire Insurance Company seeks a declaration that it has no duty to defend or indemnify Defendant Gaston Fenandez with respect to an underlying state court personal injury suit. Defendant Daniela Sanchez asks this Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim because Plaintiff could have and failed to seek declaratory relief as part of Sanchez's state court personal injury action to which Plaintiff Providence Mutual was a Defendant but is no longer. At the heart of this dispute is whether New Jersey's Entire Controversy Doctrine requires Plaintiff Providence Mutual to assert its claim for declaratory relief in state court as a counterclaim or cross claim (or both). The Court agrees that the entire controversy doctrine precludes this subsequent matter. For that reason, Defendant Sanchez's motion to dismiss is **GRANTED**. The matter is **DISMISSED** with prejudice.

### I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 22, 2019, Defendant Daniela Sanchez, filed a Complaint in the Superior Court of New Jersey, Law Division, Civil Part, Union Vicinage, against Defendants Gaston Fernandez and Karina Acosta. Pl. Compl. ¶¶ 12-13. Sanchez alleged that on May 24, 2018, she was on the property of 105 Sinclair Ave. in Union, visiting Defendant Gaston Fernandez, and was attacked by a dog on the property resulting in severe facial lacerations and permanent scarring. Pl. Compl. ¶¶ 26-31. Karina Acosta is covered under the homeowners' insurance policy issued by Providence Mutual Fire Insurance Company ("Providence Mutual"). Plaintiff Providence Mutual contends in the present suit for declaratory relief before this Court that Gaston Fernandez is not covered by the policy and that it has no duty to indemnify him. Pl.s' Compl. ¶¶ 50-58.

Gaston Fernandez, who is a Defendant in the state court personal injury suit and also a Defendant in the present federal action, answered Sanchez's state court complaint on June 27, 2019.  On January 14, 2020, Sanchez filed a First Amended Complaint in the state court action, in which she included Count Four against Providence Mutual, a defendant in the state court action, Plaintiff in the present federal action.  In Count Four, Plaintiff sought a "[d]eclaration of Gaston Fernandez's rights under the policy including payment of damages for bodily injury for which he is legally liable and a defense at defendant PROVIDENCE MUTUAL's expense."  Pl. Compl. Ex. C.  On February 10, 2020, Plaintiff, Providence Mutual, filed a Motion to Dismiss Count Four of Defendant Sanchez's First Amended Complaint for Failure to State a Claim Upon which Relief Can be Granted, in lieu of Answer.  Providence Mutual filed no cross claim for declaratory relief.  Judge Alan G. Lesnewich granted Plaintiff's application to dismiss Count Four of Defendant Sanchez's Complaint in his February 28, 2020, Order.  Pl.'s Compl. Ex. D.  Notably, Count Four was dismissed without prejudice "for reasons set forth on the record on February 28, 2020 . . ."  Counsel appears not to have included "the record" to which Judge Lesnewich alludes in the record before this Court.  Sanchez is proceeding in her state court personal injury action solely against Defendant Fernandez.

Plaintiff Providence Mutual notes in its briefing that this suit is atypical because, "Normally, a named insured seeks a declaration of rights under their own insurance policy.  This never happened; Ms. Acosta did not seek declaratory judgment against Providence Mutual.  Likewise, Mr. Fernandez did not seek coverage under the Policy, did not file cross claims against Providence Mutual, and is proceeding to litigate the [state court personal injury action] pro se."  Instead, in Count Four, an injured Plaintiff, a stranger to the insurance contract, sought a declaration of coverage for Fernandez.

Plaintiff filed this Complaint for declaratory relief on April 15, 2020 in this Court.  Pl. Compl.  The present motion to dismiss followed.

II. **DISCUSSION**

The issue before this Court is whether New Jersey's Entire Controversy Doctrine requires Plaintiff Providence Mutual in this suit to assert its claim for declaratory relief in state court as a counterclaim or cross claim (or both).

New Jersey Civil Practice Rule 4:30A (1997) provides, in part: "Non-joinder of claims or parties required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine . . ." New Jersey's entire controversy doctrine is that state's "idiosyncratic application of traditional res judicata principles" that "'embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy.'" *Rodrigues v. Wells Fargo Bank, N.A.*, 751 Fed. App'x 312, 316 (3d Cir. 2018) (quoting *Wadeer v. N.J. Mfrs. Ins. Co.*,

110 A.3d 19, 27 (NJ 2015)). The doctrine applies in federal courts "when there was a previous state-court action involving the same transaction." *Ricketti v. Barry*, 775 F.3d 611, 613 (3d Cir. 2015) (citing *Bennun v. Rutgers State Univ.*, 941 F.2d 154, 163 (3d Cir. 1991)). New Jersey's entire controversy doctrine is "an extremely robust claim preclusion device that requires adversaries to join all possible claims stemming from an event or series of events in one suit." *Chavez v. Dole Food Co.*, 836 F.3d 205, 228 n.130 (3d Cir. 2016). "[A] party cannot withhold part of a controversy for later litigation even when the withheld component is a separate and independently cognizable cause of action." *In re Mullarkey*, 536 F.3d 215, 229 (3d Cir. 2008) (citing *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 137 (3d Cir. 1999)). "In essence, it is the factual circumstances giving rise to the controversy itself, rather than a commonality of claims, issues or parties, that triggers the requirement of joinder to create a cohesive and complete litigation." *Mystic Isle Development Corp. v. Perskie & Nehmad*, 142 N.J. 310, 323 (1995) (citing *Ditrolio v. Antiles*, 142 N.J. 253, 272 (1995)). The doctrine has been extended to include all affirmative claims that a party might have against another party, including counterclaims and cross claims. *Id.* (citing *Ajamian v. Schlanger*, 14 N.J. 483, 487-89 (1954)).

Plaintiff Providence Mutual argues that the entire controversy doctrine does not bar its federal action for declaratory relief because: (1) dismissal of Count Four without prejudice was not a judgment, settlement, or decision on the merits; (2) no transactional or factual nexus exists between the state court matter and this case; (3) Mr. Sanchez's claim against Providence Mutual has not accrued; and (4) requiring Providence Mutual to litigate its claims for declaratory relief in state court would be inequitable.

"[D]ismissal without prejudice is but one factor [the] court should consider when applying the entire controversy bar." *Mystic Isle Development Corp.*, 142 N.J. at 332 (citing *Ditrolio*, 142 N.J. at 279). Sanchez sought a declaratory judgment against Providence Mutual in state court for Defendant Gaston Fernandez based on the same nucleus of operative fact surrounding this complaint. Providence Mutual could have asserted a counterclaim against Sanchez, and cross claims against Fernandez and Acosta— the exact claims that are the subject of this complaint. Instead, Providence Mutual litigated its motion to dismiss, and almost immediately filed this complaint in Federal Court after that motion was decided. Providence Mutual purposely bypassed the state court system and fragment the litigation so its declaratory judgment claim would be decided in federal court. That Count Four was dismissed without prejudice does not bar application of the entire controversy doctrine.

In Count Four of Sanchez's Complaint in the state court personal injury action, Plaintiff seeks a declaration of Defendant Fernandez's rights under the policy, including payment of damages for bodily injury and a defense at Providence Mutual's expense. In the action before this Court, Plaintiff Providence Mutual "seeks a declaration that it has no duty to defend or indemnify Fernandez with respect to the Underlying Lawsuit . . ." Pl.'s Compl. ¶ 11. The Court finds Plaintiff Providence Mutual's contention that there is no

factual nexus between the state court personal injury action and the present one meritless. The Court also disagrees with Plaintiff Providence Mutual's contention that the claim for declaratory relief presently before this Court had not accrued.  Plaintiff presents no evidence that suggests it could not have made a counterclaim or cross claim when it filed its motion to dismiss Count Four.

Plaintiff Providence Mutual claims that requiring it to litigate its declaratory relief claim in state court is inequitable because "nothing would stop every personal injury Plaintiff from naming a tortfeasor's insurance carrier as a defendant to preclude the carrier from seeking declaratory judgment in Federal Court in the event a coverage issue arose." The Court finds, like the *Mystic Isle* Court, that requiring Providence Mutual to raise its declaratory relief claim in state court is not unfair because Plaintiff was aware of its claim during the pendency of Count Four in the state court action.  *See* 142 N.J. at 328 (mandatory joinder is not unfair to a plaintiff where "[t]he plaintiff had sufficient information to have included these defendants in the earlier lawsuit").  Providence Mutual claims that Sanchez engaged in forum shopping in filing her declaratory judgment claim as Count Four in state court and Sanchez claims that Providence Mutual engaged in forum shopping by filing its claim for declaratory relief in federal court.  *See* Pl.'s Resp. 10 & Def.'s Mot. 8.  New Jersey's entire controversy doctrine is "an extremely robust claim preclusion device" and puts a thumb on the scale for the proposition that claims are resolved in New Jersey courts if they stem from a nucleus of common facts and there is an underlying, prior New Jersey suit.  That is the case here.

### III.   CONCLUSION

For the reasons stated above, Defendant Daniela Sanchez's Motion to Dismiss, ECF No. 4, is **GRANTED**.  The matter is **DISMISSED** with prejudice.  An appropriate order follows.

**Dated: July 22, 2020**

                                            */s/ William J. Martini*
                                      **WILLIAM J. MARTINI, U.S.D.J.**